DS136411

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB - 8 2022
CLERK, U.S. DISTRICT COURT
By____NS____
Deputy

**JAKE TAYLER JACOBS ( Plaintiff )**  ) JURY TRIAL DEMANDED
)
)
)

v.

**BMW FINANCIAL SERVICES** (Defendant)     3-22CV-302-M

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JAKE TAYLER JACOBS (hereinafter, "Plaintiff"), a TEXAS resident, brings this complaint by and through the undersigned attorneys, against Defendant **BMW FINANCIAL SERVICES** (hereinafter collectively "Defendants"), for violations of the Fair Credit Reporting Act 15 U.S.C. § 1681 (hereinafter "FCRA") based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION

1. After reviewing his credit reports, JAKE TAYLER JACOBS, the Plaintiff in this case, discovered that Defendant has been reporting a delinquent account with a balance of $34,434 and $28,951.00. This was an account that was discharged and canceled back in 2016. DEFENDANT issued to the Plaintiff a 1099-C back in 2016 reflecting the discharged account, but it is still showing on the Plaintiff's credit reports. 2. In early 2019, the Plaintiff began disputing the inaccurate trade line and requesting verification of this account. Despite said request, Defendants failed to make a reasonable investigation as to Plaintiff's dispute and failed to correct their errors. 3. Plaintiff therefore brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA") alleging that Defendant negligently, recklessly and knowingly falsely reported information on Plaintiff's credit file. 4. Plaintiff further alleges that credit bureaus have

negligently and recklessly disseminated false information regarding Plaintiff's credit, even after Plaintiff notified them of the inaccuracies. 5. Plaintiff further alleges that DEFENDANT failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes. 6. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 et seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a). 8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

9. Plaintiff is a natural person and a resident of DALLAS County, TEXAS, and is a "Consumer" as defined by 15 U.S.C. § 1681a(c). 10. EQUIFAX is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties. 11. Equifax, Inc. is a corporation with its principal place of business at 1550 Peachtree Street & One Atlantic Center, Atlanta, Georgia. 12. Experian is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties. 13. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California. 14. Defendant is a financial services company with its headquarters in Hillard, OH.

## FACTUAL ALLEGATIONS

15. In early 2017, Plaintiff received a 1099-C from DEFENDANT notifying the Plaintiff that an alleged debt of $34,434 and $28,951.00 was discharged.. 16. In early 2019, the Plaintiff noticed that the credit bureaus, including Equifax and Experian, were negatively reporting the DEFENDANT account with a balance of $34,434 and $28,951.00. Plaintiff disputed this erroneous information with the credit bureaus, including Equifax and Experian, on numerous instances. 18. DEFENDANT received copies of these disputes directly from Credit Bureaus. 19.Despite receipt of these letters, Equifax and Experian has continued to verify and report the inaccurate balance on his credit report. 20.Defendants' failure to remove clearly inaccurate information is evidence of their failure to conduct a reasonable investigation upon receipt of Plaintiff's multiple disputes. 21.At all times pertinent hereto, Defendants' conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA. 22.As a direct and proximate result of Defendants' violations of the FCRA,

Plaintiff has been harmed in his daily life. 23.Defendants' violations of the FCRA accordingly caused the Plaintiff great distress, annoyance and frustration in his daily life.

COUNT I VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i Against Equifax

24.All preceding paragraphs are realleged. 25.At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c). 26.The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. See 15 U.S.C. § 1681i(a)(5)(A). 27.Equifax, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on his credit file, even after Plaintiff submitted numerous disputes. 28.As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

COUNT II VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 U.S.C. § 1681i Against Experian

29.All preceding paragraphs are realleged. 30.At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c). 31.The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. See 15 U.S.C. § 1681i(a)(5)(A). 32.Experian, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on his credit file, even after Plaintiff submitted numerous disputes. 33.As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

COUNT III FAILURE TO INVESTIGATE DISPUTE FCRA, 15 USC § 1681s-2(b) AGAINST BMW FINANCIAL SERIVCES

34.All preceding paragraphs are re-alleged. 35.Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported. 36.Plaintiff submitted a written request to the credit bureaus disputing the accuracy of the account being reported by DEFENDANT 37.DEFENDANT was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute. 38. DEFENDANT failed to reasonably investigate Plaintiff's dispute. 39.Indeed, DEFENDANT's on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient. 40. DEFENDANT conduct violated section 1681s-2(b) of the FCRA.

PRAYER FOR RELIEF WHEREFORE,

Plaintiff demands judgment against Defendants as follows: (a) Awarding Plaintiff statutory damages; (b) Awarding Plaintiff actual damages; (c) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; (d) Awarding pre-judgment interest and post-judgment interest;
(e) A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above; (f) Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and (g) Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: JANUARY 6, 2022


/S/JAKE TAYLER JACOBS
PLAINTIFF (*pro se*)

Address: 200 N Carrier Parkway, Suite 101 Grand

Prairie, Texas 75050

Email: startanew163@gmail.com

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

RECEIVED
FEB 8 '22
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

### I. (a) PLAINTIFFS
Jake Tayler Jacobs

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

### DEFENDANTS
BMW Financials Services

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

3-22CV-302-M

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*   Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** / **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [x] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 863 DIWC/DIWW (405(g)) | |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FDCPA, FCRA

Brief description of cause:
FDCPA, FCRA

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
Determined at hearing

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

**TO:**
U.S. District Court
1100 Commerce St
Dallas, Texas 75242

**FROM:**
Jake Taylor Jacobs
200 N Center Parkway, #101
Grand Prairie, Texas
75050

RECEIVED - 8
FEB 8 2022
MAILROOM

Certified Mail
7021 0950 0001 5996 4503

U.S. POSTAGE PAID
FCM LG ENV
BROOKLYN, NY
11217
FEB 01, 22
AMOUNT
$5.31
R2305K143214-6
75242

Utility Mailer
10 1/2" x 16"