IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAKE TAYLER JACOBS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:22-cv-00302-M-BT |
| | § | |
| BMW FINANCIAL SERVICES, | § | |
| EQUIFAX, and EXPERIAN, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Jake Tayler Jacobs's civil action against Defendants BMW Financial Services (BMW), Equifax, and Experian, Inc. For the reasons stated, the Court should **DISMISS** without prejudice all of Jacobs's claims against Equifax and Experian because Jacobs failed to obey court orders and prosecute his claims against these defendants. The Court also should **GRANT** BMW's Motion to Dismiss (ECF No. 13) and **DISMISS** with prejudice Jacobs's claims against BMW because those claims are barred by limitations.

**Background**

In his complaint, Jacobs alleges that, "back in 2016," a delinquent account with BMW Financial Services "was discharged and cancelled." Compl. 1. (ECF No. 3). He further states that, "in 2016" or "early 2017," BMW issued him a 1099-C reflecting the alleged discharge. *Id.* 1, 2. But, "in early 2019," Jacobs "noticed the credit bureaus, including Equifax and Experian, were negatively reporting [the

1

account] with a balance of $34,434 and $28,951." *Id.* Jacobs "disputed this erroneous information with the credit bureaus," and BMW allegedly received notice that Jacobs disputed the negative reports. *Id.* Despite Jacobs's efforts, Defendants allegedly have continued reporting negatively on the accounts. *Id.*

On February 8, 2022, Jacobs sued BMW, Equifax, and Experian for violations of the Fair Credit Reporting Act (FCRA). Compl. 1 ([ECF No. 3](#)); *See* [15 U.S.C. 1681](#). On March 1, the Court ordered Jacobs "to serve his complaint on Defendants and file proof of service with the Court by May 9, 2022." Order 2. ([ECF No. 6](#)). The Court further informed Jacobs that his failure to do so could result in dismissal of his complaint. *Id.* Although Jacobs requested a summons for BMW, he has not filed any proofs of service as to any Defendant.

Nonetheless, on April 27, BMW filed a Motion to Stay and Compel Arbitration ([ECF No. 12](#)), a Motion to Dismiss ([ECF No. 13](#)) arguing Jacobs's claims are barred by the statute of limitations, and an Answer ([ECF No. 13](#)). On November 14 and November 22, Jacobs filed tardy, duplicate responses to BMW's Motion to Stay and Compel Arbitration. (*See* ECF Nos. 16, 17). Jacobs did not respond to BMW's Motion to Dismiss.

## Legal Standard and Analysis

A. <u>The Court should dismiss Jacobs's claims against Equifax and Experian without prejudice for failure to prosecute and failure to obey court orders.</u>

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the

necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the Court. Fed. R. Civ. P. 4(*l*). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); Lewis v. Sec'y of Pub. Safety & Corr., 870 F.3d 365, 369 (5th Cir. 2017) ("Rule 4(m) requires dismissal if a defendant is not served within 90 days after the complaint is filed, unless the plaintiff shows good cause for the failure."); *see also* Fed. R. Civ. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

"A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." Drgac v. Treon, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing Lindsey v. U.S. R.R. Ret. Bd., 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." Id. at *1 (citing Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Under Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the court. Link v. Wabash R.R., 370 U.S. 626, 629-30

3

(1962); Gates v. Strain, 885 F.3d 874, 883 (5th Cir. 2018) (citations omitted). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." Boudwin v. Graystone Ins., 756 F.2d 399, 401 (5th Cir. 1985) (citing Link, 370 U.S. 626 at 630-31).

Here, Jacobs, proceeding *pro se*, paid the statutory filing fee; therefore, he is responsible for properly serving all the Defendants with a summons and complaint as required by Federal Rule of Civil Procedure 4. The Clerk's Office provided Jacobs with a Notice and Instruction to Pro Se Party on February 8 (ECF No. 2), which advised Jacobs to read and follow the Federal Rules of Civil Procedure and that service must be made on the Defendants. *See* Notice and Instrs. to Pro Se Party 1, ¶ 3, 5-6. The Court also reminded Jacobs of the service requirement in its March 1 order. (ECF No. 6). The Court specifically advised Jacobs that failure to properly serve the Defendants within 90 days of filing his complaint may result in dismissal. Order 1. And, the Court ordered Jacobs to properly serve the Defendants by May 9, 2022. *Id.*

It has been 297 days since Jacobs filed his complaint. To date, Jacobs has not filed any proofs of service, nor did Jacobs request a summons for Experian or Equifax. Jacobs has not provided any explanation for why service has not been made. Therefore, Jacobs has not demonstrated good cause. Jacobs also failed to comply with the Court's order to serve his complaint on Defendants and file proof of service with the Court.

BMW, however, appeared in this case and filed responsive pleadings. BMW did not assert that service was improper in any of its pleadings—therefore it waived any defense based on improper service. *See* Fed. R. Civ. Pr. 12(h). ("A party waives any defense listed in Rule 12(b)(2)-(5) by omitting it from a motion in the circumstances described in Rule 12(g)(2); or failing to either (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.")

As for Experian and Equifax, they have not appeared in this case nor filed anything. Accordingly, the Court should dismiss without prejudice Jacobs's claims against Experian and Equifax, under Rule 4(m) for failure to effect proper service, and under Rule 41(b), for failure to comply with a court order and to prosecute this lawsuit.

B. <u>The Court should dismiss with prejudice Jacobs's claims against BMW because they are time-barred</u>.

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). However, when deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S.

5

544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

The statute of limitations may be proper grounds for a Rule 12(b)(6) dismissal if it is evident from a plaintiff's complaint that the action is time-barred. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2006). Under the FCRA, the plaintiff must initiate suit either (1) two years after the date the plaintiff discovers facts that form the basis for such liability, or (2) five years after the date on which

6

the violation that is the basis for such liability occurs, whichever is earlier. 15 U.S.C. § 1681(p).

Here, Jacobs admits in his complaint that—"in early 2019"—he noticed the inaccurate report, filed his dispute, and made sure BMW was aware of the dispute. Compl. 2. Therefore, the two-year statute of limitations on Jacobs's FCRA claims began to run in 2019.[1] Unless there are grounds for tolling, then, the limitations period expired in 2021. However, Jacobs waited until February 8, 2022, to file this lawsuit.

Jacobs has not provided any arguments in favor of tolling the statute of limitations. The fact Jacobs disputed the report with the credit bureaus does not toll statute of limitations for filing a cause of action with the courts. *Schmidt v. Caliber Home Loans, Inc.*, 2022 WL 992742 (N.D. Tex. Mar. 31, 2022) (Brown, J.) ("Plaintiff states that he has disputed the debt multiple times within the two years prior to filing suit, but this is irrelevant as the limitations period begins to run once the plaintiff discovers the facts that give rise to a claim, not when the most recent report of a violation is made.") (citations omitted.) Therefore, Jacobs's claims are barred by limitations, and the Court should grant BMW's Motion to Dismiss.

---

[1] Jacobs also states in different places in his complaint that he received notice of the alleged discharge in the form of a 1099-C from BMW "in 2016" and "in early 2017." Compl. 1-2. But it is not apparent from the face of the complaint whether the 5-year limitations period expired before Jacobs filed this suit or accrued earlier than the 2-year limitations period. Therefore, the court only discusses the 2-year limitations period—as that is facially apparent. *See Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2006).

## C. <u>Jacobs should not be given an opportunity to amend his claims against BMW</u>.

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit encourages trial courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008) (Fitzwater, C.J.); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001) (Fitzwater, J.). Therefore, courts typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004) (Fitzwater, J.); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff also may obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010) (Fitzwater, C.J.); *Scott*, 2008 WL 398314, at *1. However, dismissal with prejudice is appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam); *see also Arkansas v. Wilmington Tr. N.A.*, 2020 WL 1249570, at *5 (N.D. Tex. Mar. 16, 2020) (Lindsay, J.) (citing *Reliance Ins. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir. 1997) (noting "judges have the power to control their dockets by refusing to give ineffective litigants a second chance to develop their case" (citing *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 208-09 (5th Cir. 1992))).

Even if the Court affords Jacobs an opportunity to amend, his claims against BMW would still be time-barred. It therefore appears Jacob has alleged his best case or that amendment would be futile, so an opportunity to amend is unwarranted. The Court should dismiss with prejudice Jacobs's claims against BMW.

### Recommendation

The Court should **DISMISS** without prejudice Jacobs's claims against Experian and Equifax for failure to prosecute and obey court orders. The Court should **GRANT** BMW's Motion to Dismiss and **DISMISS** with prejudice all of Jacobs's claims against BMW. Lastly, if the court grants BMW's Motion to Dismiss, the court should **DENY AS MOOT** BMW's Motion to Stay and Compel Arbitration.

**SO RECOMMENDED.**

December 5, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).